In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, Petitioner, v HAROLD R. NEWMAN et al., Comprising the Public Employment Relations Board of the State of New York, et al., Respondents.

Third Department, December 9, 1982

#### APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh* (*Richard L. Burstein* of counsel), for petitioner.

*Martin L. Barr* (*Anthony Cagliostro* of counsel), for Harold R. Newman and others, respondents.

*Dorsey, LeCain & Morris* (*John Q. LeCain* of counsel), for Joseph Sasaki, respondent.

#### OPINION OF THE COURT

SWEENEY, J.

In July, 1977, the Enlarged City School District of the City of Saratoga Springs (district) subcontracted for bus service with Upstate Transport Consortium, Inc. (UTC). Following the filing of an improper practice charge by the

Civil Service Employees Association (CSEA), which represented the bus drivers and mechanics previously employed by the district, the Public Employment Relations Board (PERB) found this subcontracting improper and ordered the district to offer reinstatement to its former employees. This court confirmed PERB's determination (*Matter of Saratoga Springs City School Dist. [New York State Public Employment Relations Bd.]*, 68 AD2d 202, mot for lv to app den 47 NY2d 711). When the district reinstated its former employees, most of them had been employed by UTC and apparently received greater benefits during that employment. Consequently, these employees requested CSEA to negotiate the issue of subcontracting with the district, and when CSEA refused, the employees voted to demand CSEA to conduct such negotiations or they would file for decertification and form their own organization. At a subsequent meeting held on October 27, 1980, the employees named their organization the Saratoga Transportation Employees Association (STEA), considered a proposed constitution and elected an interim president. On November 10, 1980, STEA filed a petition with PERB for decertification of CSEA and certification of STEA. CSEA challenged the right of STEA to file such a petition on the ground that STEA was not an employee organization as that term is defined in subdivision 5 of section 201 of the Civil Service Law. Following a hearing, the hearing officer determined that STEA was an employee organization and this determination was affirmed by PERB. Thereafter PERB issued an order certifying STEA. The present proceeding was then commenced by petitioner CSEA seeking review of the determination by PERB that STEA is an employee organization.

Subdivision 5 of section 201 of the Civil Service Law, in pertinent part, defines an employee organization as "an organization of any kind having as its primary purpose the improvement of terms and conditions of employment of public employees". Petitioner urges that the ultimate objective of STEA was to subcontract into the private sector thus removing its members from the public sector. It is argued, therefore, that STEA does not have as its primary purpose the improvement of the terms and conditions of

employment of public employees. The hearing officer, however, whose determination was affirmed by PERB, concluded that the members STEA sought to represent were then public employees, and although subcontracting might be a key long-term objective, STEA would participate in all other aspects of the day-to-day employee organization-employer relationship. He also stated in his decision that STEA was seeking to improve the employees' terms and conditions of employment as they perceived them to be by the only means possible, negotiating under the Civil Service Law.

PERB is presumed to have developed an expertise and judgment that requires this court to accept its construction of subdivision 5 of section 201 of the Civil Service Law if not unreasonable, and its determination will only be disturbed if it is affected by an error of law, is arbitrary and capricious, or is an abuse of discretion (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398). A school district is authorized to contract with any person or corporation for the conveyance of pupils residing within the district (Education Law, § 1604, subd 23; § 1709, subd 27; § 2021). Where such subcontracting proposed by a school district involves the replacement of unit employees of the school district with employees of a contractor who perform the same duties under similar standards, it becomes a mandatory subject of negotiation (*Matter of Saratoga Springs City School Dist. [New York State Public Employment Relations Bd.],* 68 AD2d 202, mot for lv to app den 47 NY2d 711, *supra*). In our view, the determination that STEA's perception of subcontracting as an important objective and in its members' best interests should not deprive it of its status as an employee organization, was not unreasonable, arbitrary and capricious, affected by an error of law, or an abuse of discretion. Consequently, it should not be disturbed.

We also conclude upon our examination of the record that contrary to petitioner's assertions, the determination of PERB that the primary purpose of STEA was to improve the terms and conditions of employment of the public

employees it sought to represent is supported by substantial evidence and, therefore, it should be confirmed.

Finally, petitioner argues that since no motion was ever made to establish an independent employee organization, STEA was not established as an employee organization as of the date of filing its petition for certification. This argument must be rejected. Petitioner points to no legal requirement that such a motion must be made. In addition, prior to filing its petition for certification, STEA had adopted a name, discussed a proposed constitution with the employees and elected an interim president. The determination by PERB that there was thus sufficient proof of an organization is reasonable and should be sustained.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Determination confirmed, and petition dismissed, without costs.