■ FRANCINE ROSEN, Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board, dated September 5, 1984, which dismissed the petitioner's charge of an improper employment practice, the board appeals from a judgment of the Supreme Court, Dutchess County (Slifkin, J.), dated August 5, 1985, which annulled the determination, found that the petitioner's employer had committed an improper employment practice

and ordered the petitioner reinstated to her former hours of employment with back pay.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner is a teacher at the French School in Poughkeepsie, New York, which is operated by Dutchess Community College (hereinafter the college). The college is a public employer and the petitioner is a public employee within the meaning of the Taylor Law (Civil Service Law § 201 [6] [a]; [7] [a]). The faculty at the French School had not formed an employee organization for the primary purpose of improving their terms and conditions of employment. During the fall semester of 1980, the faculty members, including petitioner, informally met together and discussed their concerns about various terms and conditions of their employment. Speaking on behalf of some teachers, with their knowledge and consent, the petitioner voiced these concerns to the college's Associate Dean. The efforts of the petitioner to resolve complaints pertaining to terms and conditions of employment shared, in common, with the faculty and an additional individual complaint regarding her status as a part-time employee at the college, continued throughout 1982. In January of 1983, the college administration reduced the petitioner's teaching schedule by a four-hour course. The petitioner's income per semester was correspondingly reduced by $1,400.

On January 24, 1983, the petitioner filed with the Public Employment Relations Board (hereinafter PERB) an improper employer practice charge against the college, alleging a violation of Civil Service Law § 209-a. By decision dated September 5, 1984, PERB found that the college had reduced the petitioner's hours "at least in part because the petitioner complained about the terms and conditions of employment at the French School" and "that the petitioner's complaints were made with the knowledge and consent of some of the teachers at the French School after they had discussed their concerns among themselves". Nevertheless, PERB concluded that the college's alleged retaliatory conduct did not constitute an improper employer practice under the Taylor Law (Civil Service Law § 209-a [1]), on the ground there was no indication in the record that at the time the complaints were voiced the teachers were seeking to form an employee organization or to be represented by such an organization.

The scope of judicial review of PERB's statutory interpreta-

tion of Civil Service Law §§ 202 and 209-a (1) is a limited one *(see, Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404). As the agency charged with implementing the policies of the Taylor Law, PERB is presumed to have developed an expertise which requires us to accept its construction of that law if not unreasonable *(see, Matter of Town of Mamaroneck PBA v New York State Public Employment Relations Bd.,* 66 NY2d 722; *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra,* p 404; *Matter of Fisher [Levine],* 36 NY2d 146, 149-150). For, "[s]o long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation" *(Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50).

Civil Service Law § 202 provides that "[p]ublic employees shall have the right to form, join and participate in * * * any employee organization of their choosing". Civil Service Law § 209-a (1) sets forth conduct constituting improper employer practices. This statutory provision states, in pertinent part, that "[i]t shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights; (b) to dominate or interfere with the formation or administration of any employee organization for the purpose of depriving them of such rights; (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization". The term "employee organization" means an organization of any kind having as its primary purpose the improvement of terms and conditions of employment of public employees (Civil Service Law § 201 [5]). PERB has previously recognized the existence of an employee organization by such rudimentary signs as selecting a name for the organization, electing an officer and discussing a proposed constitution *(see, Matter of Civil Serv. Employees Assn. v Newman,* 90 AD2d 114, 117).

Relying upon judicial interpretations of a parallel provision in the National Labor Relations Act (29 USC § 157), the petitioner argued that the informal meeting of teachers to discuss complaints regarding the terms and conditions of their employment and her presentation, on their behalf, of these

complaints constituted an assertion of public employee rights under Civil Service Law § 202. PERB rejected this contention.

In drafting the Taylor Law (Civil Service Law art 14, L 1967, ch 392), the State Legislature drew heavily upon statutes regulating private employer-employee relations, such as the Labor Management Relations Act of 1947 (29 USC § 141 *et seq.),* which includes the provisions of the National Labor Relations Act (29 USC § 151 *et seq.) (see, Matter of Civil Serv. Employees Assn. v Helsby,* 21 NY2d 541, 546). However, there are marked differences between the statutes that "undoubtedly reflect the legal and economic differences between public and private employment" *(Matter of Civil Serv. Employees Assn. v Helsby, supra,* p 546). Consequently, the Legislature warned that no body of Federal law applicable wholly or in part to private employment shall be regarded as binding or controlling precedent (Civil Service Law § 209-a [3]). Intended distinctions between statutes regulating private employer-employee relations and the Taylor Law may be discerned from the statutory language employed by the drafters.

The corresponding provision in the National Labor Relations Act, setting forth the rights of employees, provides that "[e]mployees shall have the right to self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection" (29 USC § 157).

It is noteworthy that while the language of Civil Service Law § 202, setting forth the rights of public employees, substantially parallels the first portion of 29 USC § 157, the drafters omitted the right to engage in concerted activities for mutual aid or protection. PERB concluded that this omission evidenced "an intention not to afford protection to concerted activities of employees that fall short of an attempt to form, join [or] participate * * * in an employee organization". Based on the background of the Taylor Law, PERB's interpretation is not irrational. Moreover, it is buttressed by the difference between the Taylor Law's and National Labor Relations Act's definition of "employee organization". The former covers only actual organizations *(see,* Civil Service Law § 201 [5]), whereas the latter includes "any agency or employee representation committee or plan" (29 USC § 152 [5]).

Based on the foregoing, PERB's interpretation of Civil Service Law § 202 (the rights of public employees) and Civil Service Law § 209-a (1) (improper employer practices) is rea-

sonable. Since the record is barren of any evidence that the teachers of the French School were seeking to form an employee organization or to be represented by one, albeit they engaged in unprotected, concerted activity for the purpose of mutual aid, PERB's determination, that the college's retaliatory reduction of the petitioner's teaching hours did not constitute an improper employer practice under the Civil Service Law § 209-a (1), has a rational basis. Consequently, the determination should be confirmed. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur. *[See,* 128 Misc 2d 628.]