*997 OPINION OF THE COURT
William H. Keniry, J.
This CPLR article 78 proceeding arises out of a collective bargaining representation election involving a unit consisting of some 108 nursing home employees.
On May 16, 1990, a petition for certification was filed by the United Food and Commercial Workers District Union Local One AFL-CIO/CLC (the Union) with the respondent New York State Public Employment Relations Board (PERB). The Union applied to represent, for collective bargaining purposes, a proposed negotiating unit consisting of employees of the petitioner Mohawk Valley Nursing Home, Inc. (the Nursing Home) located in Ilion, New York. On July 2, 1990, the Union and Nursing Home entered into a consent agreement defining the proposed bargaining unit and providing for a secret ballot election. The agreement, in pertinent part, called for the election to be conducted "at a time and place to be fixed by the [PERB] Director or the Director’s agent, in accordance with the procedures and policies of the Board”. Eligible voters were defined in the agreement as those "who were in the employ of the Employer [the Nursing Home] on June 29, 1990, and who are so employed on the date of the election”.
PERB, over the Nursing Home’s objection, authorized an election by "secret mail ballot”. The Nursing Home wanted an on-site election. The Nursing Home, as requested, provided PERB with a list of the names and addresses of the employees who were included in the proposed bargaining unit. Ballots were mailed by PERB to such unit members on July 20, 1990. Ballots, in order to be counted, were required to be returned by mail and received in the Latham, New York, post office addressed to PERB not later than 9:00 a.m. on August 9, 1990. The ballots were counted by PERB at 11:00 a.m. on August 9, 1990. The initial tally showed 42 votes in favor of union representation and 40 votes against union representation.
The Nursing Home timely filed objections and exceptions to the election results with PERB. Extensive administrative proceedings took place. PERB on August 14, 1991 issued a final determination certifying the Union as the exclusive representative of the unit for the purposes of collective bargaining negotiations and the settlement of grievances by a *998 final vote of 42 employees in favor and 41 employees against.[1]
This proceeding was commenced on September 9, 1991 and two distinct issues are raised which, according to the litigants, have never before been considered by the courts of this State. First, petitioner Nursing Home seeks a judgment annulling PERB’s final certification of the respondent Union on the ground that PERB’s decision to conduct an election by "secret mail ballot” rather than by an on-site election was arbitrary and capricious, unlawful and an abuse of discretion. Next, petitioner contends that PERB erred as a matter of law and acted arbitrarily and capriciously in voiding the ballot of an employee identified as Janis Becker. In the event that the court does not direct PERB to conduct a new on-site election, petitioner seeks a judgment directing PERB to open and count the Becker ballot.[2]
PERB is an administrative agency which possesses expertise in the interpretation and application of the Taylor Law (Civil Service Law § 200 et seq.). In this case PERB is statutorily empowered to determine, by conducting an election if required, a particular bargaining unit’s union representation (Civil Service Law § 207 [2]). When an election must be held, such election shall be conducted "at such time and place and upon such terms and conditions as the board, the director or the agent may specify” (4 NYCRR 201.9 [g] [2]). The regulations further provide that any such election "shall be by secret ballot” and that absentee ballots "will not be permitted” (4 NYCRR 201.9 [h] [1]).
Petitioner contends that PERB’s decision to conduct a "secret mail ballot” was arbitrary and capricious. Petitioner argues that PERB failed to consider the feasibility of an on-site election. Petitioner contends that an on-site election would have been feasible and the preferred method since the 108 workers in the proposed bargaining unit reported to work at one location over three shifts. Petitioner argues that a mail ballot should be utilized only when the employees eligible to vote "worked a variety of shifts in scattered locations” (Mc- *999 Dermott & Co. v National Labor Relations Bd., 571 F2d 850, 855).
A determination by PERB will be disturbed by the court only if it is found to be in error of law, is arbitrary and capricious, or is an abuse of discretion (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd., 48 NY2d 398; Matter of Civil Serv. Employees Assn. v Newman, 90 AD2d 114). The courts may not interfere with PERB’s construction of a statute if the interpretation is legally permissible (Matter of Public Employees Fedn. v Public Employment Relations Bd., 93 AD2d 910).
The court holds that petitioner has failed to demonstrate that PERB’s determination to conduct a "secret mail ballot” was arbitrary and capricious, in violation of law or an abuse of discretion. There is no showing made that a higher percentage of employees in the proposed bargaining unit would have voted in person rather than voted by mail. Although all of the workers in this case reported to work at one location, the employees worked over three shifts. There is no indication that all 108 employees would have reported to work on a specific day or days. Since the Nursing Home was open 24 hours a day, seven days a week, it is evident that the 108 workers did not all report for work every day. Under these circumstances PERB’s decision to conduct the election by mail does not smack of irrational, arbitrary or capricious conduct. The petitioner’s first cause of action is dismissed without costs.
The court reaches a different conclusion concerning PERB’s determination which voided the ballot of Janis Becker. PERB found that Ms. Becker was not an eligible employee because she retired on July 30, 1990 and was not employed by the Nursing Home on August 9, 1990, the last day that votes could be received and the day that the votes were tallied. Becker cast her vote in a ballot postmarked July 23, 1990 and which was concededly received by PERB well before the August 9,1990 deadline.
PERB held that August 9, 1990 constituted the official date of the election. Petitioner argues that the election was held over several days starting on July 20, 1990 when PERB mailed ballots to all employees and ending on August 9, 1990 at 9:00 a.m.
There is Federal precedent standing for the proposition that the vote of an employee who cast a vote by mail while duly employed but who was terminated before ballots were opened *1000 should be considered valid (Plymouth Towing Co., 178 NLRB 651 [No. 105], 72 LRRM 1189; Eck Miller Transp. Corp., 211 NLRB 251 [No. 12], 87 LRRM 1409). Since Ms. Becker was undeniably a member of the proposed bargaining unit during part of the period during which the mail election was held, petitioner argues that her vote should be accepted and tallied (see, St. Elizabeth Community Hosp. v National Labor Relations Bd., 708 F2d 1436).
The court does not view Matter of Nassau County Regional Off-Track Betting Corp. (17 PERB 4107 [¶ 17-4066]) and Matter of County of Erie (18 PERB 4120 [¶ 18-4071]) as binding authority, as PERB argues, for the proposition that an employee loses eligibility if not employed on the date that mail ballots are counted.
In the consent agreement between the parties, eligible voters were defined as those employed on June 29, 1990 and "who are so employed on the date of the election”. The phrase "date of the election” is not further defined therein.
PERB’s determination that "date of the election” means date that the mail ballots were opened is found to be irrational and contrary to Federal labor law precedent. The election in this case was held by mail over an extended period. It was arbitrary and capricious for PERB to conclude that Janis Becker’s vote should not be counted because she retired before the ballots were counted. PERB’s determination must therefore be annulled and set aside.
Petitioner is entitled to judgment on its second cause of action vacating the determination which voided the ballot of Janis Becker.
The matter is remanded to PERB for further proceedings consistent herewith.

. As the result of rulings concerning the eligibility of certain employees to cast votes, the final tally resulted in one additional no vote.

. The significance of this issue stems from the fact that, if the election results in a tie vote, the Union would not be certified as the bargaining representative since the Union would not have received a majority of the valid votes cast. Thus, if the Becker vote is counted and is no, the final tally would be a tie, 42 for the Union and 42 against the Union and the Union would not have received a majority vote.